John Martin HARDING; et al., Plaintiffs—Appellants,

v.

NEW YORK LIFE INSURANCE COMPANY, INC., Defendant—Appellee.

No. 03–55498.
D.C. No. CV–01–10237–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 22, 2004.

Colin K. McCarthy, Booth, Mitchel & Strange, Orange, CA, for Plaintiffs–Appellants.

Sandra I. Weishart, Esq., Barger & Wolen LLP, Los Angeles, CA, for Defendant–Appellee.

Before: BROWNING, PREGERSON, and BERZON, Circuit Judges.

MEMORANDUM **

I.

The material facts are not disputed for purposes of this appeal. Mr. John Martin Harding and Mrs. Mary Joan Harding ("the Hardings") purchased two life insurance policies from New York Life Insurance Company ("New York Life") in 1984. In reliance on New York Life's representa-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion that the policies would yield a $1 million death benefit after four years of premium payments, the Hardings paid monthly premiums totaling $143,000 between 1984 and 1988. In 1988, New York Life notified the Hardings that the cash value of the policies had diminished and that additional premiums would be required to keep the policies in force. The Hardings ceased making payments on the premiums after the 1988 meeting. In 1998, New York Life notified the Hardings that the policies had lost so much value that they would be terminated. As predicted, the New York Life terminated the policies on April 25, 2000.

The parties agree that the relevant limitations period is three years, pursuant to California Civil Code of Procedure § 338(d). The district court's determination that plaintiff's fraud action is barred by a statute of limitations is reviewed *de novo*. *See Ventura Mobilehome Cmties. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir.2004).

## II.

The limitations period for a tort claim does not accrue until the last element of the tort has occurred. The elements that must be proved are: (1) misrepresentation, (2) knowledge by the defendant of the falsity of the misrepresentation, (3) intent by the defendant to defraud, (4) justifiable reliance by the injured party, and (5) resulting damages. Here, four of the five elements of the alleged fraud occurred in 1984. However, the limitations period would not accrue until "actual and appreciable harm" could be claimed by the Hardings. *See Garver v. Brace*, 47 Cal. App.4th 995, 55 Cal.Rptr.2d 220, 222–23 (1996).

California Code of Civil Procedure § 312 states that "civil actions may only be commenced upon the accrual of the cause of action," except in "special cases" in which a different limitations period is prescribed by statute. Fraud actions constitute such a "special case," because California expressly adopts a three-year statute of limitations for fraud actions and further specifies that "the cause of action in that case is not to be deemed to have accrued until the *discovery,* by the aggrieved party, of the facts constituting the fraud or mistake." *Cal.Civ.Proc.Code* § 338(d) (emphasis added). Notice is adjudged by both an objective and a subjective standard. Under an objective standard, a reasonable person, having been twice informed that the life insurance he purchased was not worth what he thought it was, would have made inquiries into the true terms of the policy in force. Upon discovering that the policy indeed departed from his prior expectations, he would have brought suit forthwith.

In addition, on the facts presented, the Hardings had actual notice that they had been defrauded. In 1988, New York Life told them that the cash value of their life insurance policies had diminished and that premium payments would be required to maintain the policies. Ten years later, New York Life told the Hardings that their policies would soon terminate because the payments had not been made. Whether accrual is deemed to have been triggered in 1988 or 1998, the limitations period commenced more than three years before the Hardings filed suit.

## III.

Both the objective and subjective interpretation of the notice rule yield the same result: that the Hardings' cause of action accrued, at the latest, in July 1998. Because they did not bring suit until September 2001, their claim was time-barred. Accordingly, the district court correctly granted New York Life's summary judg-

ment motion. The district court's ruling that the Hardings' claim was time-barred under California Code of Civil Procedure § 338(d) is AFFIRMED.